Hon. Robert J. Bryan

1

2

3

4

5

6

7

8                                     UNITED STATES DISTRICT COURT

9                                 WESTERN DISTRICT OF WASHINGTON

10                                                  AT TACOMA

11

12

13   UNITED STATES OF AMERICA,                          )
     STATE OF WASHINGTON,                               )
14   PUYALLUP TRIBE OF INDIANS, and                     )
15   MUCKLESHOOT INDIAN TRIBE,                           )        No.  C05-5473FDB
                                                        )
16      Plaintiffs,                                     )
                                                        )
17                        vs.                           )        CONSENT DECREE
                                                        )
18   MURRAY PACIFIC CORPORATION, a Washington           )
19   Corporation; PAN PACIFIC TRADING                   )
     CORPORATION, a dissolved  Washington               )
20   Corporation whose successor is Murray Pacific      )
     Corporation; BOARDMAN BROWN; and MARY JANE         )
21   ANDERSON,                                          )
                                                        )
22                                                      )
        Defendants.                                     )
23   _____)

24

25

26                                                      U.S. Deparment of Justice
                                                        NOAA GC - DOJ DARC
27   CONSENT DECREE  - Page 1                           7600 Sand Point Way NE
                                                        Seattle,WA 98115-0070
28                                                      (206) 526-6604

## I.  INTRODUCTION

The United States, on behalf of the National Oceanic and Atmospheric Administration ("NOAA") and the United States Department of the Interior; the State of Washington (the "State") through the Washington State Department of Ecology; the Puyallup Tribe of Indians; and the Muckleshoot Indian Tribe (collectively, "Plaintiffs"), have filed a complaint in this case against defendants Murray Pacific Corporation, a Washington corporation ("Murray Pacific"); Pan Pacific Trading Corporation, a dissolved Washington corporation whose successor is Murray Pacific; Boardman Brown; and Mary Jane Anderson (collectively, "Defendants") pursuant to Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended (CERCLA), 42 U.S.C. § 9607; the Model Toxics Control Act (MTCA), chapter 70.105D RCW; Section 311 of the Clean Water Act (CWA), 33 U.S.C. § 1321; and Section 1002(b)(2)(A) of the Oil Pollution Act of 1990 (OPA), 33 U.S.C. § 2702(b)(2)(A).  This Consent Decree (the "Decree") addresses the claims asserted in the Complaint against Defendants for Natural Resource Damages (as defined below) in the Commencement Bay Environment (as defined below).

## II.  RECITALS

A.      The United States Department of Commerce, acting through NOAA;  the Department of the Interior; the Washington State Department of Ecology on behalf of the State of Washington; the Puyallup Tribe of Indians; and the Muckleshoot Indian Tribe (collectively, the "Trustees" and, individually, a "Trustee"), under the authority of Section 107(f) of CERCLA, 42 U.S.C. § 9607(f), Section 1006(b) of OPA, 33 U.S.C. § 2706(b), and 40 C.F.R. Part 300, subpart G, serve as trustees for natural resources for the assessment and recovery of damages for injury to, destruction of, and loss of natural resources under their trusteeship.

B.      Investigations conducted by the United States Environmental Protection Agency

CONSENT DECREE  - Page 2

U.S. Deparment of Justice
NOAA GC - DOJ DARC
7600 Sand Point Way NE
Seattle,WA 98115-0070
(206) 526-6604

1  "EPA"), the Trustees, and others have detected hazardous substances in the sediments, soils and

2  groundwater of the Commencement Bay Environment, including but not limited to arsenic,

3  antimony, cadmium, chromium, copper, mercury, nickel, lead, zinc, bis(2-ethylhexyl)-phthalate,

4  hexachlorobenzine, hexachlorobutadiene, polycyclic aromatic hydrocarbons ("PAHs"), and

5  polychlorinated biphenyls (PCBs). Overall, the Trustees have documented the presence of over 30

6  hazardous substances in the marine sediments of Commencement Bay's Hylebos Waterway.

7        C.     The Trustees began assessing natural resource damages in the Commencement Bay

8  environment in October 1991 by finding that hazardous substances had been released into the

9  Commencement Bay environment; that public trust natural resources had likely been injured by

10  the releases; that data sufficient to pursue a natural resource damage assessment were available or

11  could likely be obtained at a reasonable cost; and that, without further action, implemented and

12  planned response actions would not adequately remedy the resource injuries. *See* Preassessment

13  Screen of Natural Resource Damages in the Commencement Bay Environment Due to Activities

14  Taking Place In and About the Commencement Bay/Nearshore Tideflats (CB/NT) Superfund Site

15  (October 29, 1991).  The Trustees notified representatives of known potentially responsible

16  parties ("PRPs") of their intent to conduct a damage assessment.  The Trustees subsequently

17  entered into a Funding and Participation Agreement for Phase 1 of the Commencement Bay-Wide

18  Natural Resource Damage Assessment, dated February 10, 1993, with several of the major PRPs.

19  The Trustees published a report on the results of Phase 1 of the damage assessment process in

20  June 1995.  The PRPs did not participate in subsequent stages of the damage assessment, and the

21  Trustees continued the process independently.  The Trustees have now completed a series of

22  studies during Phase 2 of the damage assessment, focusing on impacts of contaminants on marine

23  sediments, benthic organisms, flatfish and salmonids.  Results of those studies were published in a

24  series of reports, consisting of Commencement Bay Natural Resource Trustees, 1996, Hylebos

25

26

27  CONSENT DECREE  - Page 3

28

1  Waterway Data and Data Analysis Report; Collier, T.K., L.L. Johnson, M.S. Myers, C.M. Stehr,

2  M.M. Krahn, and J.E. Stein, 1998, Fish injury in the Hylebos Waterway in Commencement Bay,

3  Washington; Mary R. Arkoosh, Ed Casillas, Tracy K. Collier, Margaret M. Krahn and John E.

4  Stein, 1998, Effects of Chemical Contaminants from the Hylebos Waterway on Disease

5  Resistance of Juvenile Salmon; Ed Casillas, Bich-Thuy L. Eberhart, Frank C. Sommers, Tracy K.

6  Collier, Margaret M. Krahn and John E. Stein, 1998, Effects of Chemical Contaminants from the

7  Hylebos Waterway on Growth of Juvenile Chinook Salmon; and Ed Casillas, Bich-Thuy L.

8  Eberhart, Tracy K. Collier, Margaret M. Krahn and John E. Stein, 1998, Exposure of Juvenile

9  Chinook Salmon to Chemical Contaminants Specific to the Hylebos Waterway.  Based on this

10  research, the Plaintiffs and Defendants (collectively, the "Parties" and, individually, a "Party")

11  agree that no further natural resource damage assessment is required to effectuate the purposes of

12  this Consent Decree, with respect to Defendants.

13         D.      Plaintiffs have filed a complaint (the "Complaint") pursuant to section 107 of

14  CERCLA, 42 U.S.C. § 9607; MTCA, chapter 70.105D RCW; CWA, 33 U.S.C. §§ 1251 et seq.;

15  and OPA, 33 U.S.C. §§ 2701 et seq., seeking recovery from Defendants of damages for injury to,

16  destruction of, and loss of natural resources resulting from releases of hazardous substances into

17  the Commencement Bay Environment.

18         E.      Plaintiffs allege in the Complaint that Defendants own or in the past owned and/or

19  operated real property or facilities from which storm water, surface water runoff, wastewater,

20  other process discharges, and/or groundwater have flowed to the Commencement Bay

21  Environment.  Plaintiffs also allege that investigations by EPA and others have detected

22  concentrations of hazardous substances in soils, groundwater and sediments on or in those

23  properties or facilities.  Some of these hazardous substances are found in the sediments of the

24  Commencement Bay Environment.

25

26

27  CONSENT DECREE  - Page 4

28

U.S. Deparment of Justice
NOAA GC - DOJ DARC
7600 Sand Point Way NE
Seattle,WA 98115-0070
(206) 526-6604

1      F.       Plaintiffs further allege that hazardous substances have been or are being released

2  to the Commencement Bay Environment from properties or facilities owned and/or operated by

3  Defendants through direct discharge, surface water runoff, groundwater and seeps, and that those

4  hazardous substances have caused injury to, destruction of and loss of natural resources in the

5  Commencement Bay Environment under Plaintiffs' trusteeship, including fish, shellfish,

6  invertebrates, birds, marine sediments, and resources of cultural significance.  Plaintiffs further

7  allege that each of them and the public have suffered the loss of natural resource services

8  (including ecological services as well as direct and passive human use losses) as a consequence of

9  those injuries.

10      G.       Plaintiffs allege that each Defendant is (a) the owner and/or operator of a vessel or

11  a facility; (b) a person who at the time of disposal or release of any hazardous substance owned or

12  operated any facility at which such hazardous substances were disposed of; (c) a person who by

13  contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a

14  transporter for transport for disposal or treatment, of hazardous substances owned or possessed

15  by such person, by any other party or entity, or otherwise generated any hazardous substance

16  disposed of or treated, at any facility or incineration vessel owned or operated by another party or

17  entity and containing such hazardous substances; and/or (d) a person who accepts or accepted any

18  hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites

19  selected by such person from which there is a release or a threatened release of a hazardous

20  substance that causes the incurrence of response costs within the meaning of 42 U.S.C. § 9607

21  and RCW 70.105D.040.

22      H.       Defendants deny all the allegations of the Complaint.

23      I.        Although the Trustees have initiated but not yet completed a natural resource

24  damage assessment for the Commencement Bay Environment, the Trustees have developed and

25

26

27  CONSENT DECREE  - Page 5

28

1   analyzed information sufficient to support a settlement that is fair, reasonable and in the public

2   interest.

3       J.      To facilitate resolving natural resource damage claims, the Trustees developed a

4   proposed allocation of Hylebos Waterway Natural Resource Damages liability among Hylebos

5   Waterway PRPs solely for settlement purposes.  Relying upon the results of the

6   damage-assessment studies, remedial investigations, regulatory standards, and scientific literature,

7   the Trustees first developed an estimate of the amount of injury to natural resources that had

8   occurred as a result of releases of hazardous substances to the Hylebos Waterway.  The Trustees

9   quantified the effects of the injuries in terms of the losses of ecological services over affected

10  areas of the waterway and over time, discounted to the current year.  The Trustees used the term

11  discounted ecological service acre-years (DSAYs) to describe both the scale of the injuries, and

12  the amount of habitat restoration they are seeking to compensate for the injuries.  For the Hylebos

13  Waterway, the Trustees are seeking to recover from all PRPs funds, property and/or in-kind

14  services needed to generate habitat restoration sufficient to compensate for the loss of 1526.77

15  DSAYs.

16      K.      Plaintiffs assert that hazardous-substance releases to the Hylebos Waterway have

17  become dispersed and commingled to the extent that the effects of one PRP's releases cannot be

18  readily distinguished from another's.  Plaintiffs further assert that the circumstances of the

19  Hylebos Waterway contamination make all PRPs who contributed to the contamination jointly

20  and severally liable for all injuries to natural resources that have resulted from the contamination.

21  As a consequence, Plaintiffs assert the right to recover for the loss of all 1526.77 DSAYs from

22  any Hylebos Waterway PRP.  Without prejudice to their position, and solely for purposes of

23  facilitating settlement with individual PRPs, the Trustees have developed a proposal for

24  allocating liability for the 1526.77 DSAYs among the PRPs.  Independent consultants hired by

25

26

27  CONSENT DECREE  - Page 6

28

1  the Trustees reviewed existing information from the files of EPA, the Washington State

2  Department of Ecology, and local public libraries to allocate liability among the various Hylebos

3  Waterway facilities that contributed to the contamination.

4     L.  To insure that all PRPs had an equal opportunity to be informed of and to offer

5  their views on the Trustees' settlement proposal, in April 2002 the Trustees presented their

6  report on the proposed allocation to the public for notice and comment.  The Trustees took

7  comments for 60 days, revised the report based upon the comments received, and made it

8  available to PRPs in final form.

9     M.  The Trustees' report allocated liability for DSAY losses for settlement purposes

10  among the various industrial sites along the Hylebos Waterway.  A number of the sites have been

11  owned or operated by different PRPs over the years, and consequently more than one PRP may

12  share responsibility for the losses allocated to such sites.  The Trustees' report did not include a

13  formula for suballocating among the parties involved the DSAY losses attributed to such a site.

14  Plaintiffs allege that Defendants or some of Defendants at various times have owned or operated

15  facilities on or otherwise incurred liability for natural resource damages at four different Hylebos

16  Waterway sites either concurrently or sequentially with other PRPs.  Those sites are identified in

17  the Trustees' report by the names Murray Pacific, Site 29; Port of Tacoma (3002 Taylor Way),

18  Site 13; US Gypsum, Site 18; and B&L Landfill, Site 8. To determine an appropriate settlement

19  with Defendants, the Trustees developed an approach for dividing the DSAY losses allocated to

20  these sites between Defendants and other PRPs whom the Trustees allege share responsibility for

21  hazardous-substance releases from the sites.  The approach employed by the Trustees results in

22  allocating a total of 5.316 DSAYs to Defendants.

23     N.  The Trustees quantified natural resource damages in their Hylebos Waterway

24  report in terms of DSAYs in order to encourage settling parties to resolve their liability by

25

26

27  CONSENT DECREE  - Page 7

28

1  constructing habitat restoration projects.  For parties who prefer settling on a cash-damages

2  basis, the Trustees reviewed data from existing restoration projects and estimated it would cost

3  fifty-two thousand dollars ($52,000.00) per DSAY if the Trustees themselves constructed the

4  required restoration projects.  The cash damages equivalent of the 5.316 DSAYs allocated to

5  Defendants totals two hundred seventy-six thousand four hundred thirty-two dollars

6  ($276,432.00). Parties liable for natural resource damages are also liable for the reasonable costs

7  of assessing the damages.  42 U.S.C. § 9607(a)(4)(C).  The Trustees allocated to Defendants

8  liability for thirty thousand six hundred sixty-nine dollars and seventy cents ($30,669.70) in

9  damage assessment costs. The dollar value of the Trustees' claim asserted against Defendants

10  totals three hundred seven thousand one hundred one dollars and seventy cents ($307,101.70).

11  The Trustees have agreed to settle their natural resource damage claims against Defendants

12  associated with the Commencement Bay Environment for cash payments totaling three hundred

13  two thousand dollars ($302,000.00) in natural resource damages and damage assessment costs.

14  Murray Pacific has agreed to pay the Trustees the identified sum in return for the Trustees'

15  covenants not to sue Defendants for Natural Resource Damages as provided below in Paragraph

16  2.

17        O.      Defendants do not admit any liability to Plaintiffs arising out of the transactions or

18  occurrences alleged in the Complaint.

19        P.      Plaintiffs and Defendants agree, and this Court by entering this Decree finds, that

20  this Decree has been negotiated by the Parties in good faith; that settlement of this matter will

21  avoid prolonged and complicated litigation between the Parties; and that this Decree is fair,

22  reasonable, and in the public interest.

23        THEREFORE, with the consent of the Parties to this Decree, it is ORDERED,

24  ADJUDGED, AND DECREED:

25

26

27  CONSENT DECREE  - Page 8

28

### III.  JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345 and 1367, and 42 U.S.C. §§ 9607 and 9613(b).  The Court has personal jurisdiction over the Parties.  Solely for the purposes of this Decree and the underlying Complaint, the Parties waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District.  The Parties may not challenge the terms of this Decree or this Court's jurisdiction to enter and enforce this Decree.

### IV.  PARTIES BOUND

2.      This Decree is binding upon the United States, the State, the Puyallup Tribe of Indians, the Muckleshoot Indian Tribe and upon Defendants and their heirs, successors and assigns.  Any change in ownership or corporate or other legal status, including but not limited to any transfer of assets or real or personal property, will in no way alter the status or responsibilities of Defendants under this Decree.

### V.  DEFINITIONS

3.      Unless otherwise expressly provided, terms used in this Decree that are defined in CERCLA or in regulations promulgated under CERCLA have the meanings assigned to them in CERCLA or in such regulations.  Whenever the terms listed below are used in this Decree or in any attached appendix, the following definitions will apply:

    a.      "CERCLA" means the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, et seq.

    b.      "Commencement Bay Environment" means the waters of Commencement Bay, State of Washington -- including the shoreline, intertidal areas, tributaries, drainage areas, estuaries and bottom sediments -- lying south of a line drawn from Point Defiance to Dash Point.  These waters include the Thea Foss Waterway, Wheeler-Osgood Waterway, Middle Waterway, St. Paul Waterway, Puyallup River from the mouth south to the present City limits, Milwaukee Waterway, Sitcum Waterway, Blair Waterway, and Hylebos Waterway.  This area

CONSENT DECREE  - Page 9

U.S. Deparment of Justice
NOAA GC - DOJ DARC
7600 Sand Point Way NE
Seattle,WA 98115-0070
(206) 526-6604

includes but is not limited to the Commencement Bay Nearshore/Tideflats Superfund Site, as identified or amended by the EPA, including the B&L Landfill, and areas affected by releases of hazardous substances within the Commencement Bay Nearshore/Tideflats Superfund Site.

c.      "Consent Decree" or "Decree" means this Consent Decree and all attached appendices.  In the event of conflict between this Decree and any appendix, the Decree will control.

d.      "Day" means a calendar day.  In computing any period of time under this Decree, where the last day falls on a Saturday, Sunday, or federal holiday, the period will run until the close of business of the next working day.

e.      "Defendants" mean Murray Pacific, Pan Pacific Trading Corporation, Boardman Brown, and Mary Jane Anderson.

f.      "DOJ" means the United States Department of Justice and any successor departments, agencies, or instrumentalities of the United States.

g.      "Interest" means interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year in accordance with 42 U.S.C. § 9607(a).  The applicable rate of interest is the rate in effect at the time the interest accrues.  The rate of interest is subject to change on October 1 of each year.

h.      "Natural Resources" has  the meaning provided in section 101(16) of CERCLA, 42 U.S.C. § 9601(16).

i.      "Natural Resource Damages" means damages, including costs of damage assessment, recoverable under Section 107 of CERCLA, 42 U.S.C. § 9607; Chapter 70.105D RCW; Section 311 of the Clean Water Act (CWA), 33 U.S.C. § 1321; and Section 1002(b)(2)(A) of the Oil Pollution Act of 1990 (OPA), 33 U.S.C. § 2702(b)(2)(A), for injury to, destruction of, or loss of Natural Resources resulting from releases of hazardous substances or

CONSENT DECREE  - Page 10

discharges of oil at or from the Commencement Bay Nearshore/Tideflats Superfund Site.

j.      "Paragraph" means a portion of this Decree identified by an Arabic numeral or an upper or lower case letter.

k.      "Parties" mean the United States, the State of Washington, the Puyallup Tribe of Indians, the Muckleshoot Indian Tribe, Murray Pacific Corporation, Pan Pacific Trading Corporation, Boardman Brown, and Mary Jane Anderson.

l.      "Plaintiffs" mean the United States, the State, the Puyallup Tribe of Indians, and the Muckleshoot Indian Tribe.

m.      "Commencement Bay Restoration Account" means the Commencement Bay Natural Resource Restoration Account authorized by the Order Directing the Deposit of Natural Resource Damages into the Registry of the Court in United States v. Port of Tacoma, No. C93-5462B (W.D. Wash. Oct. 8, 1993) (attached as Appendix A).

n.      "Section" means a portion of this Consent Decree identified by a Roman numeral.

o.      "State" means the State of Washington.

p.      "Trustees" mean the United States Department of Commerce, acting through NOAA and the Department of the Interior; the Washington State Department of Ecology, on behalf of the State of Washington; the Puyallup Tribe of Indians; and the Muckleshoot Indian Tribe.

q.      "United States" means the United States of America, including its departments, agencies, and instrumentalities.

## VI.  PAYMENT OF NATURAL RESOURCE DAMAGES
## AND DAMAGE ASSESSMENT COSTS

4.      Within 30 days of entry of this Decree, Murray Pacific, for itself and on behalf of the other Defendants, will pay to the Trustees two hundred seventy-one thousand eight hundred

CONSENT DECREE  - Page 11

U.S. Deparment of Justice
NOAA GC - DOJ DARC
7600 Sand Point Way NE
Seattle,WA 98115-0070
(206) 526-6604

1   thirty-nine dollars and eighty cents ($271,839.80) for Natural Resource Damages.  This payment

2   will be made by a certified check made payable to the Clerk of the Court.  This check will be

3   deposited in the Commencement Bay Natural Resource Restoration Account.

4           5.        Within 30 days of entry of this Decree, Murray Pacific, for itself and on behalf of

5   the other Defendants, will pay to the Trustees the sum of thirty thousand one hundred sixty

6   dollars and twenty cents ($30,160.20) in damage assessment costs. This payment will be made by

7   certified checks, bearing the notation "Murray Pacific - Commencement Bay Assessment Costs"

8   (or an alternate notation as specified below), in the amounts indicated and made payable and

9   addressed as follows:

10  Trustee:       National Oceanic and Atmospheric Administration
    Amount:      $24,330.19
11  Payee:        National Oceanic and Atmospheric Administration
12  Address:     Chief, Damage Assessment Center
                  NOAA, N/ORCAx1
13                1305 East West Highway, Room 10218
                  Silver Spring, MD 20910
14

15  Trustee:       U.S. Department of the Interior
    Amount:      $4,067.67
16  Payee:        Secretary of the Interior
    Alternate
17  Notation:    14X5198 (NRDAR)
18                Commencement Bay Nearshore/Tideflats Superfund Site
    Address:     Chief, Division of Finance
19                U.S. Fish and Wildlife Service
                  4401 N. Fairfax Dr., Rm. 380
20                Arlington, VA 22203
21
22  Trustee:       State of Washington
    Amount:      $501.92
23  Payee:        State of Washington/Department of Ecology
    Address:     State of Washington
24                Department of Ecology
                  Attention: Cashiering Section
25                P.O. Box 5128
26
27  CONSENT DECREE  - Page 12
28

1               Lacey, WA 98503-0210

2

3 Trustee:      Puyallup Tribe of Indians
   Amount:     $1,148.31

4 Payee:       Puyallup Tribe of Indians
   Address:     Mr. William Sullivan

5               Environmental Protection Department

6               Puyallup Tribe of Indians
              2002 E. 28th Street

7               Tacoma, WA 98404

8 Trustee:      Muckleshoot Indian Tribe
   Amount:     $112.12

9 Payee:       Muckleshoot Indian Tribe

10 Address:     Mr. Rob Otsea
              Office of the Tribal Attorney

11               Muckleshoot Indian Tribe

12               39015 172nd Avenue S.E.
              Auburn, WA 98002

13

14     6.     At the time of each payment Murray Pacific will send notice that payment has

15 been made to the Trustees and DOJ in accordance with Section XIII (Notices and Submissions).

16 Such notice will reference Commencement Bay NRDA, DOJ case number 90-11-2-1049, and the

17 civil action number.

18           VII.  FAILURE TO COMPLY WITH CONSENT DECREE

19     7.     Interest on Late Payments.  If Murray Pacific fails to make the payments under

20 Paragraphs 4 and 5 by the required due date, Interest will continue to accrue on the unpaid

21 balance through the date of payment.

22     8.     Stipulated Penalties.

23         a.     If any amounts due under Paragraphs 4 and 5 are not paid by the required

24 date, Murray Pacific will be in violation of this Decree and will pay a stipulated penalty of $1,000

25 per violation per day that such payment is late to the Commencement Bay Restoration Account

26

27 CONSENT DECREE  - Page 13

28

U.S. Deparment of Justice
NOAA GC - DOJ DARC
7600 Sand Point Way NE
Seattle,WA 98115-0070
(206) 526-6604

1   in addition to the Interest required by Paragraph 7.

2              b.     Stipulated penalties are due and payable within 30 days of the date of the

3   demand for payment of the penalties by a Trustee. All payments will be made by a certified

4   check made payable to the Clerk of the Court. This check will be deposited in the

5   Commencement Bay Restoration Account.

6              c.     At the time of each payment, Murray Pacific will send notice that payment

7   has been made to the Trustees and DOJ in accordance with Section XIII (Notices and

8   Submissions). This notice will reference Commencement Bay NRDA, DOJ Case Number

9   90-11-2-1049, and the civil action number.

10             d.     Penalties will accrue as provided in this Paragraph regardless of whether

11   the Trustees have notified Murray Pacific of the violation or made a demand for payment, but the

12   penalties need only be paid upon demand. All penalties will begin to accrue on the day after

13   payment is due and will continue to accrue through the date of payment. Nothing in this Decree

14   prevents the simultaneous accrual of separate penalties for separate violations of this Decree.

15       9.     If Plaintiffs bring an action to enforce this Decree, Murray Pacific will reimburse

16   Plaintiffs for all costs of such action, including but not limited to costs of attorney time.

17       10.     Payments made under this Section are in addition to any other remedies or

18   sanctions available to Plaintiffs by virtue of Murray Pacific's failure to comply with the

19   requirements of this Decree.

20       11.     Notwithstanding any other provision of this Section, Plaintiffs may, in their

21   unreviewable discretion, waive payment of any portion of the stipulated penalties that have

22   accrued pursuant to this Decree. Payment of stipulated penalties does not excuse Murray Pacific

23   from payment as required by Section VI or from performance of any other requirement of this

24   Consent Decree.

25                 VIII. COVENANT NOT TO SUE BY PLAINTIFFS

26

27   CONSENT DECREE  - Page 14

28

12.     Except as specifically provided in Section IX (Reservations of Rights) below, Plaintiffs covenant not to sue or to take administrative action against Defendants pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a); Chapter 70.105D RCW; Section 311 of the Clean Water Act (CWA), 33 U.S.C. § 1321; or Section 1002(a) of the Oil Pollution Act of 1990 (OPA), 33 U.S.C. § 2702(a), to recover Natural Resource Damages for releases of hazardous substances into the Commencement Bay Environment. This covenant not to sue will take effect upon receipt by the Registry of the Court of all payments required by Section VI, Paragraph 4 (Payment of Natural Resource Damages), receipt by each of the Trustees of all payments required by Section VI, Paragraph 5, and any amount due under Section VII (Failure to Comply with Consent Decree).  This covenant not to sue is conditioned upon the satisfactory performance by Defendants of their obligations under this Decree.  This covenant not to sue extends only to Defendants and their heirs, successors, and assigns, and does not extend to any other person.

## IX.  RESERVATIONS OF RIGHTS

13.     Plaintiffs reserve, and this Decree is without prejudice to, all rights against Defendants with respect to all matters not expressly included within the Covenant Not to Sue by Plaintiffs in Paragraph 12. Notwithstanding any other provision of this Decree, Plaintiffs reserve all rights against Defendants, and this Decree is without prejudice to, all rights against Defendants with respect to:

a.  liability for failure of Defendants to meet a requirement of this Decree;

b.  liability for costs of response incurred or to be incurred by Plaintiffs;

c.  liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606; and

d.  criminal liability to the United States or State.

## X.  REOPENERS

CONSENT DECREE  - Page 15

14.     Notwithstanding any other provision of this Consent Decree, the Plaintiffs reserve, and this Consent Decree is without prejudice to, the right to institute proceedings against Defendants in this action or in a new action for:

a.     Claims based on a failure of the Defendants to satisfy the requirements of this Consent Decree; and

b.     Additional claims for Natural Resource Damages if conditions, factors or information in the Commencement Bay Environment, not known to the Trustees at the time of entry of this Consent Decree, are discovered that, together with any other relevant information, indicates that there is a threat to the environment, or injury to, destruction of, or loss of natural resources of a type unknown, or of a magnitude significantly greater than was known, at the time of entry of this Consent Decree, which are attributable to the Defendants.

## XI.  COVENANT NOT TO SUE BY DEFENDANTS

15.     Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, the State, the Puyallup Tribe of Indians and the Muckleshoot Indian Tribe or their contractors or employees, for any civil claims or causes of action relating to Natural Resource Damages.

## XII.  EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

16.     Nothing in this Decree may be construed to create any rights in, or grant any cause of action to, any person not a Party to this Decree.  The Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action that they may have with respect to any matter, transaction, or occurrence relating in any way to the Commencement Bay Nearshore/Tideflats Superfund Site against any third party

17.     The Parties agree, and by entering this Decree this Court finds, that Defendants are entitled as of the date of entry of this Decree to protection from contribution actions or claims as

CONSENT DECREE  - Page 16

U.S. Deparment of Justice
NOAA GC - DOJ DARC
7600 Sand Point Way NE
Seattle,WA 98115-0070
(206) 526-6604

1  provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2) and RCW 70.105D.040(4)(d)

2  for Natural Resource Damages.

3       18.    Defendants agree that they will notify the Trustees and DOJ in writing no later

4  than 60 days before bringing  a suit or claim for contribution for natural resource damages in the

5  Commencement Bay Environment. Defendants also agree that they will notify the Trustees and

6  DOJ in writing within 10 days of service of a complaint or claim upon them relating to a suit or

7  claim for contribution for natural resource damages in the Commencement Bay Environment. In

8  addition, Defendants will notify the Trustees and DOJ within 10 days of service or receipt of any

9  Motion for Summary Judgment and within 10 days of receipt of any order from a court setting a

10  case for trial for matters related to this Decree.

11       19.    In any subsequent administrative or judicial proceeding initiated by Plaintiffs for

12  injunctive relief, recovery of response costs, or other relief relating to the Commencement Bay

13  Environment, Defendants may not assert waiver, res judicata, collateral estoppel claim-splitting,

14  or other defenses based upon any contention that the claims raised by the United States or the

15  Trustees in the subsequent proceeding were or should have been brought in the instant case

16  involving NRDA damages; provided, however, that nothing in this Paragraph affects the

17  enforceability of the Covenant Not to Sue by Plaintiffs set forth in Section VIII.

18                          XIII.  NOTICES AND SUBMISSIONS

19       20.    Whenever  notice is required to be given or a document is required to be sent by

20  one Party to another under the terms of this Decree, it will be directed to the individuals at the

21  addresses specified below, unless those individuals or their successors give notice of a change to

22  the other Parties in writing.  Written notice as specified constitutes complete satisfaction of any

23  written notice requirement of the Decree for Plaintiffs and Defendants.

24  As to the United States and as to DOJ:
25  Chief, Environmental Enforcement Section

26

27  CONSENT DECREE  - Page 17

28

U.S. Deparment of Justice
NOAA GC - DOJ DARC
7600 Sand Point Way NE
Seattle,WA 98115-0070
(206) 526-6604

Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-2-1049)
P.O. Box 7611
Washington, D.C.  20044-7611
(DJ # 90-11-2-1049)

As to NOAA:
Robert A. Taylor
NOAA Office of General Counsel GCNR/NW
7600 Sand Point Way NE
Seattle, WA 98115-0070

As to the United States Department of the Interior:

Jeff Krausmann
U.S. Fish & Wildlife Service
510 Desmond Dr. SE, Suite 102
Lacey, WA 98503-1263

As to the State:

Craig Thompson
Toxics Cleanup Program
State of Washington
P.O. Box 47600
Olympia, WA  98504-7600

As to the Puyallup Tribe of Indians:

Bill Sullivan
Environmental Department
Puyallup Tribe of Indians
1850 Alexander Avenue
Tacoma, WA  98421

As to the Muckleshoot Indian Tribe:

Mr. Rob Otsea
Office of the Tribal Attorney
Muckleshoot Indian Tribe
39015 172nd Avenue S.E.
Auburn, WA 98002

CONSENT DECREE  - Page 18

As to Defendants:

L.T. Murray III, President
Murray Pacific Corporation
1201 Pacific Avenue, Suite 1750
Tacoma, WA  98401

## XIV.  RETENTION OF JURISDICTION

21.     This Court will retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Decree.

## XV.  INTEGRATION/APPENDICES

22.     This Decree and its appendices constitute the final, complete, and exclusive agreement and understanding with respect to the settlement embodied in this Decree.  The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Decree.  The following appendices are attached to and incorporated into this Consent Decree:  Appendix A is the Order Directing the Deposit of Natural Resource Damages into the Registry of the Court in United States v. Port of Tacoma, No. C93-5462B (W.D. Wash. Oct. 8, 1993).

## XVI.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

23.     This Decree will be lodged with the Court for a period of not less than 30 days for public notice and comment.  The Plaintiffs each reserve the right to withdraw or withhold their consent if the comments regarding the Decree disclose facts or considerations that indicate this Decree is inappropriate, improper, or inadequate.  Defendants consent to the entry of this Decree without further notice.

24.     If for any reason this Court declines to approve this Decree in the form presented, this agreement may be voided at the sole discretion of any Party, and the terms of the agreement

CONSENT DECREE  - Page 19

U.S. Deparment of Justice
NOAA GC - DOJ DARC
7600 Sand Point Way NE
Seattle,WA 98115-0070
(206) 526-6604

may not be used as evidence in any litigation between the Parties.

## XVII.  SIGNATORIES/SERVICE

25.     The Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice and each undersigned representative of the State, the Puyallup Tribe of Indians, the Muckleshoot Indian Tribe and the Defendants certifies that he or she is authorized to enter into the terms and conditions of this Decree and to execute and bind legally the Party that he or she represents to this document.

26.     Defendants agree not to oppose entry of this Decree by this Court or to challenge any provision of this Decree unless any Plaintiff has notified Defendants in writing that it no longer supports entry of the Decree.

27.     Defendants will identify on the attached signature page the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters relating to this Decree.  Defendants agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to service of a summons.

## XVIII.  FINAL JUDGMENT

28.     Upon approval and entry of this Decree by the Court, this Decree will constitute the final judgment between and among the United States, the State, the Puyallup Tribe of Indians, the Muckleshoot Indian Tribe, and Defendants.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

IT IS SO ORDERED THIS 9th DAY OF DECEMBER, 2005.

_Robert J. Bryan_

Robert J. Bryan

CONSENT DECREE  - Page 20

U.S. Deparment of Justice
NOAA GC - DOJ DARC
7600 Sand Point Way NE
Seattle,WA 98115-0070
(206) 526-6604

1

United States District Judge

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 CONSENT DECREE  - Page 21

28

THE UNDERSIGNED PARTIES enter into this Consent Decree in United States v. Murray Pacific Corp., et al.

FOR THE UNITED STATES OF AMERICA

Date: 7/1/05 _____          s/_____

Kelly A. Johnson
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C.  20530

FOR THE STATE OF WASHINGTON

Date:  1/25/05 _____          s/_____

Date :  2/3/05 _____          s/_____

Assistant Attorney General
State of Washington

FOR THE PUYALLUP TRIBE OF INDIANS

Date: 1/21/05 _____          s/_____

FOR THE MUCKLESHOOT INDIAN TRIBE

Date: 1/28/05 _____          s/_____

CONSENT DECREE  - Page 22

U.S. Deparment of Justice
NOAA GC - DOJ DARC
7600 Sand Point Way NE
Seattle,WA 98115-0070
(206) 526-6604

FOR MURRAY PACIFIC CORPORATION

Date: 2/3/05_____                    s/_____

FOR PAN PACIFIC TRADING CORPORATION, by Murray Pacific Corporation, its Successor in Interest.

Date: 2/3/05_____                    s/_____

Agent authorized to receive service of process by mail on behalf of Murray Pacific Corporation with respect to all matters relating to this Decree:

CONSENT DECREE  - Page 23

U.S. Deparment of Justice
NOAA GC - DOJ DARC
7600 Sand Point Way NE
Seattle,WA 98115-0070
(206) 526-6604

FOR BOARDMAN BROWN

Date: 2/2/05_____                    s/_____

Agent authorized to receive service of process by mail on behalf of Boardman Brown with respect to all matters relating to this Decree:

FOR MARY JANE ANDERSON

Date: 1/26/05_____                    s/_____

Agent authorized to receive service of process by mail on behalf of Mary Jane Anderson with respect to all matters relating to this Decree:

CONSENT DECREE  - Page 24